# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

WILLIE HENDERSON,                     )
                                      )
     Plaintiff,             )
                                      )
     v.                     )          CAUSE NO. 1:09-CV-268-TS
                                      )
KEN FRIES, Sheriff, *et al.,*         )
                                      )
     Defendants.            )

## OPINION AND ORDER

Willie Henderson, a prisoner confined at the Plainfield Correctional Facility who is proceeding *pro se* in this matter, filed a Prisoner Complaint by counsel pursuant to 42 U.S.C. § 1983, alleging that Allen County Jail officials denied him medical treatment for a serious medical need while he was confined there in 2008. This matter is before the Court pursuant to its statutory screening obligation. *See* 28 U.S.C. § 1915A.

## SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). The Supreme Court has articulated the following standard regarding the factual allegations that are required to survive dismissal for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id*. at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882,

888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## COMPLAINT ALLEGATIONS

According to the Complaint, Allen County Jail officials denied the Plaintiff medical attention while he was confined at the jail. He alleges that when he was arrested on September 15, 2008, he broke his wrist, that the police took him to the hospital prior to booking him, and that a doctor at the hospital splinted his wrist and instructed him that he needed to follow up with an orthopedic surgeon. He also alleges that Allen County Jail officials refused to allow him to be seen by an orthopedic surgeon because he was indigent, and that he did not receive medical attention for his wrist until after he arrived at the Indiana Department of Correction (IDOC) almost two months later. When he arrived at the IDOC, it was "determined that his fracture had not healed, and his bones were out of alignment." (Compl. 3, DE 1.) He alleges that as a result of the jail officials' inaction, he suffered "prolonged physical pain and injury to his broken wrist, along with mental anguish, emotional distress, and other damages and injuries." (*Id.*)

## DISCUSSION

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006); *Burrell v. City of Mattoon*, 378 F.3d 642, 646–47 (7th Cir. 2004). The Plaintiff alleges that the Defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual punishments. He does not state whether he was a pre-trial detainee when he was brought to the Allen County Jail or whether

he had already been convicted of a crime when he was housed there.

To state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States and show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42, 48 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). The Eighth Amendment protects convicted prisoners from cruel and unusual punishments, but the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). However, "[a]n act or practice that violates the [E]ighth [A]mendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988), *cert. denied*, 488 U.S. 863 (1988). The Eighth Amendment requires the government "to provide medical care for those whom it is punishing by incarceration." *Snipes v. Detella*, 95 F.3d 586, 590 (7th Cir.1996) (*cert. denied,* 519 U.S. 1126 (1997) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). The Seventh Circuit has instructed that the "Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose,'" and that "'deliberate indifference to serious medical needs' of a prisoner constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976)).

Two elements are required to show a violation of the Eighth Amendment's Cruel and Unusual Punishments Clause: a plaintiff must show (1) an objectively serious medical condition to which (2) a state office was deliberately, that is subjectively, indifferent. *Rodriguez*, 577 F.3d at 829. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to a prisoner's serious medical needs. *Williams v. Liefer*, 491 F.3d

710, 714 (7th Cir. 2007); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Objectively serious medical needs include "both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Williams*, 491 F.3d at 714. Deliberate indifference is "essentially a criminal recklessness standard, that is, ignoring a known risk." *Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quotation marks and citations omitted). "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Breennan*, 511 U.S. 825, 837 (1994).

Giving the Plaintiff the benefit of the inferences to which he is entitled at this stage, he had a legitimate, serious medical need while he was at the Allen County Jail, and his claim that jail officials denied him medical attention for that need is sufficient to state a claim upon which relief can be granted under § 1983.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against the Defendants on his claim that the Defendants denied him medical treatment for a serious medical need; and

(2) DIRECTS the Clerk of this Court to sign and seal the tendered summonses and return them to counsel for the Plaintiff.

SO ORDERED on October 5, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT