# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| WILLIE HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:09-CV-268-TLS |
| | ) | |
| ALLEN COUNTY SHERIFF KEN FRIES, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 27], filed by Defendant Pamela S. Thornton on April 6, 2010.

## BACKGROUND

The Plaintiff, Willie Henderson, filed his Complaint [DE 1] on September 23, 2009. On October 28, the Defendants filed an Answer [DE 11]. On March 9, 2010, the Plaintiff's First Amended Complaint [DE 23] was filed. In his Amended Complaint, the Plaintiff, a pre-trial detainee or prisoner at the Allen County Jail, alleges that the Defendants violated his federally protected rights under the Eighth and Fourteenth Amendments to the Constitution of the United States when they denied him adequate medical care during the period of August 2008 to November 2008. His claims are brought pursuant to 42 U.S.C. § 1983. On April 6, Defendant Pamela S. Thornton, a nurse, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 27], and Defendants Allen County Sheriff Ken Fries, Ellen M. Chamar, C/O P.E. #071, C. CHASE, P.E. #C452, C. \*\*\*CE, P.E. #277, John/Jane Does (Unidentified Allen County Jail Staff) filed an Answer to Plaintiff's First Amended Complaint [DE 29]. On April 19, the Plaintiff

filed a Response [DE 30]. Defendant Thornton filed no reply.

**DISCUSSION**

Defendant Thornton has asked the Court to dismiss the claims asserted against her for lack of subject-matter jurisdiction.[1] She argues that, to the extent this action concerns medical malpractice, the Indiana Medical Malpractice Act, Ind. Code § 34-18-1-1 *et seq.*, governs, and that this act provides that a medical malpractice action may not be commenced in a court in Indiana before the claimant's complaint has been presented to a medical review panel and an opinion is given by the panel. *See* Ind. Code § 34-18-8-4.

The Plaintiff responds that Defendant Thornton is named as a Defendant in this case because she was personally involved in unconstitutionally depriving the Plaintiff of adequate medical care, that the Complaint includes no allegations of negligence or malpractice, that the Plaintiff has not pleaded medical malpractice, negligence, or even gross negligence or alleged a breach of a standard of care, and that the Defendant is improperly attempting to recast the Plaintiff's claims against her as medical malpractice or negligence claims to obtain a dismissal of the claims. The Plaintiff concedes that medical malpractice, negligence, and gross negligence do not constitute deliberate indifference, that medical malpractice (without more) does not state a claim of deliberate indifference, and that the Plaintiff's claims are not claims of medical

---

[1] Defendant Thornton's Motion to Dismiss for Lack of Subject Matter Jurisdiction is not accompanied by a separate brief. Instead, the Defendant folds argument and discussion of legal authorities into her Motion. Local Rule 7.1(b) provides that "[a]ny motion under Fed. R. Civ. P. 12 . . . shall be accompanied by a separate supporting brief." Additionally, Local Rule 7.1(c) states that "[a]ny defense raised pursuant to Fed. R. Civ. P. 12 must be briefed in accordance with this rule before the court will deem the defense submitted for ruling." Because the Court's subject-matter jurisdiction is an issue that the Court is to address "at any time" under Federal Rule of Civil Procedure 12(h)(3), the Court will consider the merits of her argument, but notes that Defendant Thornton's failure to comply with the requirements of these local rules provides an additional basis for denying her Motion to Dismiss.

malpractice. Thus, the Plaintiff makes it clear that his claims are limited to his deliberate indifference claims under § 1983.

Although the Plaintiff has brushed aside the Defendant's Motion to Dismiss as an unfounded attempt to recast the Plaintiff's claims, the Defendant's concerns are not unfounded. The Plaintiff apparently included with his initial disclosures medical request forms that alleged negligence/malpractice and suggested that a complaint would be filed with Indiana's Department of Insurance (Commissioner). Furthermore, neither the Complaint nor the Amended Complaint specifically alleges grounds for this Court's subject-matter jurisdiction or references 28 U.S.C. § 1331 or 28 U.S.C. § 1367. Thus, this question regarding subject-matter jurisdiction is one that the Plaintiff could have avoided creating with a clearer pleading addressing this Court's subject-matter jurisdiction and initial disclosures that did not cause Defendant Thornton to be concerned that the Plaintiff intended to bring a medical malpractice claim.

In any event, considering the allegations in the First Amended Complaint and the Plaintiff's affirmative statements and concessions, the Court understands the Plaintiff to be asserting no medical malpractice claim. Additionally, the Plaintiff has provided no evidence showing that he has satisfied the prerequisites imposed by the Indiana Medical Malpractice Act. However, the Plaintiff has pleaded a colorable claim arising under a law of the United States (namely, a claim against Defendant Thornton for deliberate indifference under the Eighth Amendment or the Fourteenth Amendment brought pursuant to § 1983),[2] and thus this Court has

---

[2] The pleadings are not clear regarding the Plaintiff's status in the Allen County Jail as either a pretrial detainee or a convicted prisoner—from the allegations in the First Amended Complaint, it appears more likely that he was a pretrial detainee. The Eighth Amendment ban on "cruel and unusual punishments," which applies to convicted persons, requires prison officials to take reasonable measures to guarantee the safety of inmates, including the provision of adequate medical care. The due process clause of the Fourteenth Amendment provides the same basic protections to pretrial detainees, and the same legal standards apply to deliberate indifference claims brought

subject-matter jurisdiction over his claim pursuant to 28 U.S.C. § 1331. For these reasons, the Court will deny Defendant Thornton's Motion to Dismiss for Lack of Subject Matter Jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant Thornton's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 27]. The Court GRANTS Defendant Thornton twenty-one days from the issuance of this Opinion and Order to file a responsive pleading.

SO ORDERED on August 3, 2010.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT

---

under either the Eighth Amendment or the Fourteenth Amendment. *Minix v. Canarecci*, 597 F.3d 824, 830–31 (7th Cir. 2010).